**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Macias, | No. CV-21-02094-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Gabriel Macias was convicted in state court of various sex crimes involving minors and sentenced to life in prison. Petitioner's direct appeal succeeded in reversing a few of his convictions, but the appellate court affirmed enough of the convictions and sentences that Petitioner would remain in prison for life. Petitioner's post-conviction proceedings in state court did not result in additional relief. Petitioner then filed a federal petition for writ of habeas corpus arguing he was convicted under unconstitutional statutes, the jury engaged in unconstitutional premature deliberations, and he received ineffective assistance of both trial and appellate counsel. Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending the court reject all of Petitioner's claims. Petitioner filed objections but the R&R is correct and will be adopted.

**BACKGROUND**

Petitioner was a schoolteacher from 2003 to 2006. Seven years after he stopped teaching, "one of [Petitioner's] former students . . . reported to the police that when he was

a student, [Petitioner] touched him inappropriately." *State v. Macias*, 469 P.3d 472, 475 (Ariz. Ct. App. 2020). The police then "located other former students who also claimed [Petitioner] inappropriately touched them." *Id.* Petitioner was charged with twenty counts of various sex crimes, proceeded to trial, and was convicted of seventeen counts. Petitioner was sentenced to life without the possibility of release for thirty-five years on one count and an additional 114.25 years on the remaining counts.

In Petitioner's direct appeal, the Arizona Court of Appeals vacated Petitioner's convictions on two counts, reversed the conviction on one count, and affirmed the convictions and sentences on the remaining fourteen counts.[1] That provided no meaningful relief to Petitioner as the convictions and sentences that were affirmed meant he was likely to remain in prison for the remainder of his life.

Petitioner sought post-conviction relief in state court, but the state courts denied all relief. Petitioner then filed a federal habeas petition asserting five grounds. Three of those grounds involve allegedly ineffective assistance of trial or appellate counsel. One ground alleges the Arizona statutes underlying some of Petitioner's convictions violated due process by shifting the burden of proof. And one ground asserts a violation of Petitioner's federal constitutional rights because jurors allegedly deliberated before the close of evidence. The R&R analyzes each ground and recommends the Court conclude Petitioner is not entitled to relief. Petitioner filed objections, requiring the Court review aspects of the R&R de novo.

## ANALYSIS

### I.     Standard for Obtaining Relief

It is very difficult for state prisoners to obtain relief from their state convictions in federal court. The statute setting forth the conditions for granting federal habeas corpus relief "reflects the view that habeas corpus is a guard against *extreme* malfunctions in the

---

[1] There is no explanation what significance, if any, the Arizona Court of Appeals was making between the two convictions that were "vacated" versus the one conviction that was "reversed." During Petitioner's post-conviction proceedings, the Arizona Court of Appeals did not differentiate between the three convictions. Instead, the Arizona Court of Appeals described the three convictions as "vacated." *State v. Macias*, 469 P.3d 472, 475 (Ariz. Ct. App. 2020).

state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (emphasis added).  To win relief, Petitioner must have raised his claims in state court or, if he failed to do so, he must meet a high bar for the Court to be allowed to reach his claims.  *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

For those claims raised in the state courts, Petitioner can obtain relief only if the state court rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.  In other words, the state courts must have "blunder[ed] so badly that every fairminded jurist would disagree" with the state courts' rulings.  *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021).  Any claims not addressed by the state court are subject to a less-demanding standard, assuming they can be reached at all.  *See Atwood v. Ryan*, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017) (noting when a prisoner overcomes procedural default the claim must be reviewed de novo).

**II.     Ineffective Assistance of Counsel Regarding Burden Shifting**

A primary basis on which Petitioner seeks relief is the alleged unconstitutionality of Arizona's child molestation statutes.  Petitioner asserts a straightforward argument that the statutes were unconstitutional.  However, because that argument was not made in the state courts, Petitioner attempts to excuse that failure by arguing his trial and appellate counsel were ineffective for failing to challenge the statutes' constitutionality.  But Petitioner did not receive ineffective assistance of counsel, and there is no basis to excuse Petitioner's failure to argue the constitutionality of the statues in state court.

Petitioner was convicted under two child molestation statutes, A.R.S. § 13-1410 and § 13-1407(E).  At the time of Petitioner's crimes and convictions, those statutes did not require the state prove "sexual motivation" as an element of the offenses.  *See State v. Holle*, 379 P.3d 197, 198 (Ariz. 2016).  Instead, the "lack of sexual motivation" was an affirmative defense.  *Id.*  This was a strange aspect of the statutes because not requiring

1  "sexual motivation" as an element of the offenses meant "parents and other caregivers
2  commit [child molestation] whenever they change an infant's diaper and bathe or otherwise
3  clean a child's genitals." *Id.* at 205. In theory, parents could have been charged and then
4  required to prove a "lack of sexual motivation" in connection with the touching. According
5  to Petitioner, this aspect meant the statutes were not merely strange, they were
6  unconstitutional.

Petitioner argues the statutes violated his due process rights by shifting the burden of proving a "lack of sexual motivation" to him. While not entirely clear, Petitioner seems to believe the Arizona statutes required "sexual motivation" as an element of the offenses and it violated due process to shift the burden to him to negate that element. The R&R concludes Petitioner's direct challenge to the constitutionality of Arizona's statutes is defaulted without excuse and the state courts' rejection of Petitioner's arguments regarding ineffective assistance of counsel were reasonable.

The R&R analyzes these issues at some length and Petitioner filed lengthy objections. Reviewing de novo, the R&R's analysis is correct and will be adopted in full. In doing so the Court notes a much more succinct way of rejecting Petitioner's positions.

Petitioner was convicted in July 2015. (Doc. 1 at 1). The following year, the Arizona Supreme Court issued an opinion in a case involving a different defendant convicted under the same statutes. *State v. Holle*, 379 P.3d 197, 205 (Ariz. 2016). That defendant made the exact argument Petitioner believes his counsel should have made. That is, the defendant in *State v. Holle* argued Arizona's child molestation statutes shifted the burden to a defendant to prove a "lack of sexual motivation" and that shifting violated "due process." *Id.* The Arizona Supreme Court rejected this argument.

The Arizona Supreme Court reasoned "[s]tates have broad authority to define the elements of a crime" and, provided the state proves all the elements of a crime and instructs the jury appropriately, it does not violate due process to place the burden on a criminal defendant to prove an affirmative defense. *Id.* In other words, shortly after Petitioner's conviction, the Arizona Supreme Court explicitly rejected the argument Petitioner now

claims his trial and appellate counsel were ineffective for failing to raise. Because it is clear the proposed argument would have failed had his counsel made it, Petitioner's trial and appellate counsel cannot be faulted for failing to make the argument. As noted by the Ninth Circuit in yet another case involving counsel's failure to make the "burden shifting argument" regarding Arizona's molestation statute, "counsel's failure to object to the constitutionality of the statute's placing the burden of proving lack of intent on the defendant" did not fall "below an objective standard of reasonableness." *May v. Ryan*, 807 F. App'x 632, 634–35 (9th Cir. 2020). In the present case, Petitioner's ineffective assistance of counsel claim based on the failure to raise the constitutionality of the statutes fails and Petitioner cannot invoke his counsel's performance to excuse procedural default of his direct challenge to the constitutionality of the statutes.

### III. Premature Deliberations

Petitioner argues "the jury weighed specific evidence and decided probative issues . . . before the close of evidence and before official deliberations began." (Doc. 26 at 9). That is, Petitioner argues jurors had discussions of his guilt before deliberations began. This allegedly violated Petitioner's "Sixth Amendment right to a fair trial and his Fourteenth Amendment due process right to have the State prove guilt beyond a reasonable doubt." (Doc. 26 at 9). The R&R rejected this argument based, in large part, on the conclusion "the Supreme Court has not entertained a case involving premature [jury] deliberations." (Doc. 19 at 15). Petitioner objected to the R&R by claiming the Supreme Court has provided sufficient guidance such that Petitioner is entitled to relief.

The allegedly clear guidance from the Supreme Court Petitioner cites consists of cases establishing two principles. First, jurors must be impartial. And second, a criminal conviction requires proof beyond a reasonable doubt. (Doc. 26 at 10-11). Petitioner argues these basic principles establish the premature deliberations by members of the jury rendered his convictions unconstitutional. The principles Petitioner cites are far too general to allow for relief in this case.

Habeas relief for a state prisoner is permitted "only if a state court's decision is

contrary to, or involved an unreasonable application of, clearly established Federal law as determined by [the Supreme Court], not by the courts of appeals." *Lopez v. Smith*, 574 U.S. 1, 6 (2014). The Supreme Court has "cautioned the lower courts . . . against framing [its] precedents at [] a high level of generality" when determining "the legal proposition needed to grant" a habeas petitioner relief. *Id.* Petitioner's reliance on the general principles requiring impartial jurors and proof beyond a reasonable doubt do not amount to clearly established Supreme Court precedent regarding premature jury deliberations. As noted by the Sixth Circuit in a habeas case brought by a state prisoner, "[t]he Supreme Court has not entertained a case involving premature deliberations." *Middlebrook v. Napel*, 698 F.3d 906, 910 (6th Cir. 2012). And this absence of authority on the issue of premature deliberations is fatal to Petitioner's request for habeas relief.

### IV. Ineffective Assistance of Counsel Regarding Stale Warrant

Petitioner argues his trial and appellate counsel were ineffective when they failed to investigate and present evidence regarding the alleged partiality of the magistrate who issued the search warrant. Petitioner believes that if counsel had undertaken an investigation, they would have discovered the state court was destroying records and the magistrate approved 100% of the search warrant applications that remained on file. (Doc. 26 at 18). The R&R rejects this argument by concluding the state courts reasonably concluded Petitioner had not suffered prejudice as the result of his counsel's failure to investigate and litigate this issue. (Doc. 19 at 9). In his objections, Petitioner argues he presented sufficient evidence the magistrate was biased, and Petitioner stresses the magistrate approved 100% of search warrant applications. (Doc. 26 at 18).

Petitioner has not cited evidence the magistrate approved 100% of the search warrants sought. Instead, Petitioner's investigator discovered neither the court nor the police department kept records when a search warrant was denied. (Doc. 1-4 at 316). Without such records, Petitioner has not calculated a meaningful approval rate. Because only records for approved warrants were retained, obviously those records would indicate a 100% approval rate. Beyond his faulty statistic regarding approval rates, Petitioner did

not present the state courts with other evidence the magistrate was, in fact, biased. Therefore, based on the evidence presented to the state courts, the state courts were reasonable when rejecting the ineffective assistance of counsel claim premised on the failure to investigate and attack the magistrate's bias.

### V. Furnishing Harmful Material to Minors

Petitioner argues his counsel was ineffective by failing to challenge the charges alleging he furnished harmful material to minors. Petitioner appears to make two arguments. First, he complains the statute making it unlawful to furnish a minor with "any item that is harmful to minors," A.R.S. § 13-3506, is unconstitutionally vague. Second, he complains the Arizona statute defining the phrase "harmful to minors," A.R.S. § 13-3501, was not listed in the indictment and, "therefore could not have been considered for purposes of any challenge" to the vagueness of § 13-3506. (Doc. 26 at 20). Because his counsel did not make either of these arguments, Petitioner believes he received ineffective assistance of counsel. The R&R concludes the state courts were not objectively unreasonable in denying relief on this basis. The R&R is correct.

Petitioner's objections to the R&R seem to argue Arizona law required the definitional statute, § 13-3501, be cited in the indictment. (Doc. 26 at 20). Because it was not listed in the indictment, Petitioner believes his counsel should have challenged the vagueness of the substantive statute, § 13-3506. And had such a challenge been made, Petitioner believes the definitional statute (*i.e.*, § 13-3501) "could not have been considered for purposes" of determining if § 13-3506 was vague. (Doc. 26 at 20). This chain of reasoning is quite dubious.

As explained by the Arizona Court of Appeals in Petitioner's post-conviction relief proceedings, "[e]rror in the charging document regarding the citation of a statute does not invalidate a charge unless the error misleads the defendant to his prejudice." *State v. Macias*, 469 P.3d 472, 481 (Ariz. Ct. App. 2020). Petitioner does not cite to any evidence in the record that he or his trial counsel was misled by the indictment lacking a citation to § 13-3501. And looking to the substantive statute, § 13-3506, in conjunction with the

- 7 -

definitional statute, § 13-3501, a reasonable attorney could have concluded any vagueness challenge would be futile. At the very least, the state courts' conclusion that Petitioner did not receive ineffective assistance of counsel on this point was not objectively unreasonable.

### VI. Evidentiary Hearing

The R&R concludes an evidentiary hearing is not merited. Petitioner objects but, upon review, the state court record precludes relief. Thus, there is no need for an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 19) is **ADOPTED IN FULL** with the additional analysis set forth above. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of September, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge